Electronically FILED by Superior Court of California, County of Los Angeles on 08/30/2022 11:10 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
22STCV28234

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>Uber Technologies, Inc., and DOES 1-10<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Century City Outpatient Surgery Center | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 N. Hill St.<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>22STCV28234 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Stieglitz, 11845 W. Olympic Blvd., Suite 800, Los Angeles, California 90064, (323) 979-2063

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: 08/30/2022<br>*(Fecha)* | Clerk, by<br>*(Secretario)*   R. Perez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | |
|---|---|
| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. [ ] as an individual defendant.<br>2. [ ] as the person sued under the fictitious name of *(specify):*<br><br>3. [X] on behalf of *(specify):* Uber Technologies, Inc.<br>under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)<br> [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)<br> [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)<br> [ ] other *(specify):*<br>4. [ ] by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 08/30/2022 11:10 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
22STCV28234

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Gregory Keosian

1  JONATHAN A. STIEGLITZ
   (SBN 278028)
2  jonathan.a.stieglitz@gmail.com
   THE LAW OFFICES OF
3  JONATHAN A. STIEGLITZ
   11845 W. Olympic Blvd., Ste. 800
4  Los Angeles, California 90064
   Telephone:  (323) 979-2063
5  Facsimile:  (323) 488-6748

6  Attorney for Plaintiff
   Century City Outpatient Surgery Center
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

10                      COUNTY OF LOS ANGELES

11  Century City Outpatient Surgery        Case No.:   22STCV28234
    Center
12                                          Complaint For:
              Plaintiff,
13                                          1.   RECOVERY OF BENEFITS
         v.                                      UNDER 29 U.S.C. §1132 (a)(1)(B)
14
    Uber Technologies, Inc., and DOES      **(Jury Trial Requested)**
15  1-10,                                  **Total Damages - $327,376.00**

16            Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

                              Complaint

Plaintiff Century City Outpatient Surgery Center (hereinafter referred to as "PLAINTIFF" or "Medical Provider") complains and alleges:

## PARTIES

1. Plaintiff, Medical Provider, is and at all relevant times was a medical corporation, organized and existing under the laws of the State of California. Medical Provider is and at all relevant times was in good standing under the laws of the State of California.

2. Uber Technologies, Inc., ("Uber") is and was licensed to do business in and is and was doing business in the State of California. PLAINTIFF is informed and believes that Defendant is licensed to transact business in the State of California. Defendant is, in fact, transacting business in the State of California and is thereby subject to the laws and regulations of the State of California.

3. Blue Shield of California is and was Defendant's representative in processing claims and administering Defendant's health plan.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to PLAINTIFF, who therefore sues said defendants by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and legally caused injury and damages proximately thereby to PLAINTIFF. PLAINTIFF will seek leave of this Court to amend this Complaint to insert their true names and capacities in place and instead of the fictitious names when they become known to it.

5. At all times herein mentioned, unless otherwise indicated, DEFENDANT/s and Blue Shield of California were the agents and/or employees of each of the remaining defendants and each other and were at all times acting within the purpose and scope of said agency and employment, and each defendant has

- 2 -
COMPLAINT

1  ratified and approved the acts of his agent. At all times herein mentioned,

2  DEFENDANT/s had actual or ostensible authority to act on each other's behalf in

3  certifying or authorizing the provision of services; processing and administering the

4  claims and appeals; pricing the claims; approving or denying the claims; directing

5  each other as to whether and/or how to pay claims; issuing remittance advices and

6  explanations of benefits statements; making payments to Medical Provider and its

7  Patients.

8  **GENERAL ALLEGATIONS**

9      6.    This complaint arises out of the failure of DEFENDANT to make

10  proper payments and/or the underpayment to Medical Provider by DEFENDANT

11  and DOES 1 through 10, inclusive, of amounts due and owing now to Medical

12  Provider for surgical care, treatment and procedures provided to Patient, who is an

13  insured, member, policyholder, certificate-holder or was otherwise covered for

14  health, hospitalization and major medical insurance through policies or certificates

15  of insurance issued and underwritten by DEFENDANT and DOES 1 through 10,

16  inclusive.

17      7.    Medical Provider is informed and believes that Patient entered into a

18  valid insurance agreement with DEFENDANT for the specific purpose of ensuring

19  that the Patient would have access to medically necessary treatments, care,

20  procedures, and surgeries by medical practitioners like Medical Provider and

21  ensuring that DEFENDANT would pay or would cause payment to be issued for

22  the health care expenses incurred by Patient.

23      8.    Medical Provider is informed and believes that DEFENDANT and

24  DOES 1 through 10, inclusive, and each of them, received and continue to receive,

25  valuable premium payments or other payments derivative of Patient's premium

26  payments and/or other consideration from Patient under the subject policies

27  applicable to Patient.

28

- 3 -
COMPLAINT

9.      It is standard practice in the health care industry that when a medical provider enters into a written preferred provider contract with a health plan such as Defendant's health plan that medical provider agrees to accept reimbursement that is discounted from the medical provider's total billed charges in exchange for the benefits of being a preferred or contracted provider.

10.     Those benefits include an increased volume of business because the health plan provides financial and other incentives to its members to receive their medical care and treatments from the contracted provider, such as advertising that the provider is "in network" and allowing the members to pay lower co-payments and deductibles to obtain care and treatment from a contracted provider.

11.     Conversely, when a medical provider, such as Medical Provider, does not have a written contract or preferred provider agreement with a health plan, the medical provider receives no referrals from the health plan.

12.     The medical provider has no obligation to reduce its charges. The health plan is not entitled to a discount from the medical provider's total bill charge for the services rendered, because it is not providing the medical provider within network medical provider benefits, such as increased patient volume and direct payment obligations.

13.     The reason why medical providers have chosen to forgo the benefits of a contract with a payor is that, in recent years, many insurance entities including DEFENDANT or DEFENDANT's affiliates' (such as Blue Shield of California) contracted rates for in-network providers have been so meager, one-sided, and onerous, that many providers like Medical Provider have determined that they cannot afford to enter into such contracts.  As a result, a growing number of medical providers have become non-contracted or out of network providers.

14.     Medical Provider is owed proper reimbursement in accordance with each Patient's out of network benefits.

15.     Medical Provider is informed that Patient's health plan at issue in this litigation is a health plan governed by the Employee Retirement Income Securities Act of 1974 ("ERISA"). Medical Provider asserts that each Patient's health plan is an ERISA health plan ("ERISA Plan").

16.     Prior to services being rendered, Medical Provider obtained an assignment from Patient granting Medical Provider the right to step into the shoes of Patient with respect to Patient's rights under Patient's ERISA Plan, including but not limited to the right to seek proper reimbursement for medical services as well as to seek legal redress for DEFENDANTS' failure to properly administer the terms of the ERISA Plan.

17.     For Patient's claim, DEFENDANT have waived or are estopped from asserting an anti-assignment provision were one even to exist. See Beverly Oaks Physicians Surgical Ctr., Ltd. Liab. Co. v. Blue Cross & Blue Shield of Ill., 983 F.3d 435, 437 (9th Cir. 2020).

18.     For the claims at issue in this suit, Medical Provider has spent significant time and money in jumping through the necessary hoops in exhausting its administrative remedies under ERISA.

19.     Medical Provider sent out multiple appeal letters to DEFENDANT and any further appeals would be futile as Medical Provider has received letters stating that DEFENDANT's decision is final.

## **SPECIFIC FACTS**
## **PATIENT JL**

20.     On March 08, 2019, Patient received a surgical procedure from Medical Provider.

21.     Pursuant to 29 U.S.C. §1132 (a)(1)(B) DEFENDANT has failed to reimburse Patient and now Medical Provider in accordance with the terms of Patient's ERISA Plan.

- 5 -

COMPLAINT

22. On January 7, 2019, Patient assigned all rights to reimbursement for medical services under Patient's ERISA plan to Medical Provider.

23. On January 09, 2019, so as to be sure that Defendant or its representatives would not deny any of the procedure codes billed by Plaintiff, Plaintiff obtained an authorization from Defendant's representative Blue Shield of California stating that the codes 21147 and 21196 were allowed and would be processed and paid.

24. Following the March 08, 2019, medical procedure, Medical Provider submitted a bill or UB-04 for $327,376.00 to DEFENDANT via Blue Shield of California.

25. The bill or UB-04 further stated that Medical Provider had received an assignment from the Patient.

26. Following the procedure, MEDICAL PROVIDER submitted its claims to Blue Shield of California on behalf of Defendant accompanied with lengthy operative reports, chart notes, and other medical records.  No matter whether large or small, all of MEDICAL PROVIDER's claims were submitted to Blue Shield of California on behalf of Defendant using CPT codes, Healthcare Common Procedure Coding System ("HCPCS"), and modifiers, as necessary. MEDICAL PROVIDER submitted to Blue Shield of California on behalf of Defendant any and all billing information and any and all additional information requested by Blue Shield of California on behalf of Defendant.

27. Despite the authorization, DEFENDANT issued an EOB to Medical Provider denying the specific approved procedure codes.

28. Over the next couple of months, Medical Provider sent numerous appeal letters to Blue Shield of California and another entity Collective Health who both represented Defendant in accordance with ERISA to exhaust all of Patient's and now Medical Provider's administrative remedies.

29.   At no point in time did DEFENDANT or their representatives state that there was an anti-assignment provision in Patient's ERISA Plan.

30.   Medical Provider was never informed during this process that Patient's plan had an anti-assignment provision, and that Defendant or its representatives would only speak with the Patient and would not speak with Medical Provider.

31.   DEFENDANT and its representatives have made clear that Medical Provider has no further administrative remedies.

32.   In all cases Blue Shield of California and Collective Health on behalf of Defendant refused to make any additional payment and process the approved codes.

33.   Based on information and belief, Medical Provider asserts that under the terms of Patient's ERISA Plan, DEFENDANT and its representatives were obligated to remit payment for the codes 21147 and 22196. However, Defendant and its representatives denied the claim.

34.   DEFENDANT and its representatives have failed to issue benefits in accordance with Patient's health plan and the authorization for the procedures provided to Patient. As a result, that amount is due and owing to Medical Provider.

**FIRST CAUSE OF ACTION**

**ENFORCEMENT UNDER 29 U.S.C § 1132 (a)(1)(B) FOR FAILURE TO PAY ERISA PLAN BENEFITS**

35.   Medical Provider incorporates by reference all previous paragraphs as though fully set forth herein.

36.   This cause of action is alleged by Medical Provider for relief in connection with claims for medical services rendered in connection with healthcare benefits plans administered and/or underwritten by DEFENDANT and its representatives.

37.   Medical Provider seeks to recover benefits and enforce rights to benefits under 29 U.S.C. §1132 (a)(1)(B). Medical Provider has standing to pursue

-7-

COMPLAINT

these claims as the assignee of member/patient's rights. As the assignee of rights, Medical Provider is a "beneficiary" entitled to collect benefits and is the "claimant" for purposes of the ERISA statute and regulations. ERISA authorizes actions under 29 U.S.C. § 1132 (a)(1)(B) to be brought directly against DEFENDANT the party with actual control over the benefit and payment determinations with respect to Medical Provider's claims.

38.     By reason of the foregoing, Medical Provider is entitled to recover ERISA benefits due and owing in an amount to be proven at trial, and Medical Provider seeks recovery of such benefits by way of the present action.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

- 8 -

COMPLAINT

1

2                          **PRAYER FOR RELIEF**

3          **WHEREFORE,** Century City Outpatient Surgery Center prays for judgment

4    against defendants as follows:

5          1.      For compensatory damages in an amount to be determined, plus

6    statutory interest;

7          2.      For restitution in an amount to be determined, plus statutory interest;

8          3.      For a declaration that DEFENDANT is obligated to pay plaintiff all

9    monies owed for services rendered to the Patient;

10         4.      For attorneys fees; and

11         5.      For such other relief as the Court deems just and appropriate.

12

13   Dated: August 30, 2022              LAW OFFICE OF JONATHAN A.

14                                       STIEGLITZ

15                                       By: /s/ Jonathan A. Stieglitz

16                                           JONATHAN A. STIEGLITZ
                                             Century City Outpatient Surgery Center
17

18

19                        **DEMAND FOR JURY TRIAL**

20         Plaintiff, Century City Outpatient Surgery Center, hereby demands a jury trial

21   as provided by law.

22

23   Dated: August 30, 2022              LAW OFFICE OF JONATHAN A.

24                                       STIEGLITZ

25                                       By: /s/ Jonathan A. Stieglitz

26                                           JONATHAN A. STIEGLITZ
                                             Attorneys for Plaintiff,
27                                           Century City Outpatient Surgery Center

28

                                      - 9 -